1  **WO**
2
3
4
5
6 # IN THE UNITED STATES DISTRICT COURT
7 # FOR THE DISTRICT OF ARIZONA
8

| | |
|---|---|
| CrossFit Incorporated, | No. CV-14-00297-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Javier del Cueto, et al., | |
| Defendants. | |

Plaintiff CrossFit Incorporated moves for default judgment against Defendants Javier del Cueto and Alfa Extreme Fitness S.A. de C.V. ("Alfa") pursuant to Federal Rule of Civil Procedure 55(b). (Doc. 39.) No response has been filed and the time for filing one has passed. For reasons stated below, default judgment is appropriate.

## I. Background[1]

Plaintiff is a Delaware corporation that offers a distinct fitness program through a worldwide network of affiliates licensed to open CrossFit gyms (generally referred to as a "Box") and use Plaintiff's trademarks. Through its website, Plaintiff disseminates daily workout information known as the "Workout of the Day" or "WOD." Plaintiff has used the mark "CrossFit" since at least 1985, and the marks "Workout of the Day," "WOD," and "Box" since at least 2003. Additionally, the mark "CrossFit" has been registered

---

[1] The following facts are drawn from Plaintiff's complaint and the exhibits appended to its motion for default judgment, and presumed true for purposes of this order. *See Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

with the United States Patent and Trademark Office since at least 2005.

Del Cueto entered into an affiliate agreement with Plaintiff in November 2011, which authorized him to create a CrossFit affiliate called "CrossFit BETA" and to offer the program at a single location in Mexico. As part of the agreement, Plaintiff granted del Cueto a non-transferable and non-sublicenseable license to use the CrossFit mark solely for purposes outlined in the affiliate agreement, including in the internet domain name crossfitbeta.com. Del Cueto also agreed that, if his gym provides non-CrossFit services, he would in no way imply that those services are endorsed by Plaintiff.

Despite these terms, del Cueto (operating through Alfa) began using the CrossFit mark to build a competing business in a manner prohibited by the affiliate agreement. For example, Defendants registered the domain name "www.wodbox.com," began using it to advertise and distribute an unaffiliated "Wodbox" fitness program and "Wodbox Training Centers," and caused their internet domain to redirect visitors to wodbox.com. Defendants also caused www.crossfitalfa.com—another CrossFit-related domain name registered by del Cueto's brother, Andres Del Cueto Davalos, who also executed a CrossFit affiliate agreement—to redirect visitors to wodbox.com. Defendants' affiliate agreement later expired in November 2013.

In February 2014, Plaintiff brought this action, alleging that Defendants breached the terms of the affiliate agreement and violated the Lanham Act, 15 U.S.C. § 1125(d).[2] (Doc. 1.) Defendants were served with the summons and complaint pursuant to the Hague Convention on February 16, 2017 (Doc. 33), but failed to appear or otherwise respond to the complaint. The Clerk of the Court entered default as to Defendants on June, 6, 2017. (Doc. 36.) Plaintiff now seeks entry of a default judgment against them. (Doc. 39.)

**II. Default Judgment Standard**

After default is entered by the clerk, the district court may enter default judgment

---

[2] At some point after Plaintiff filed this action, Defendants stopped causing the infringing domain names to redirect users to wodbox.com. Plaintiff, however, has received no commitment from Defendants that their wrongful behavior will not begin again and, therefore, seeks permanent injunctive relief.

- 2 -

pursuant to Rule 55(b). The court's "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Although the court should consider and weigh relevant factors as part of the decision-making process, it "is not required to make detailed findings of fact." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

The following factors may be considered in deciding whether default judgment is appropriate: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering the merits and sufficiency of the complaint, the court accepts as true the complaint's well-pled factual allegations, but the plaintiff must establish all damages sought in the complaint. *See Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

**III. Discussion**

The first *Eitel* factor weighs in favor of default judgment. Defendants failed to respond to the complaint or otherwise appear in this action despite being served with the complaint, the application for default, and the motion for default judgment. If default judgment is not granted, Plaintiff "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). The prejudice to Plaintiff in this regard supports the entry of default judgment.

The second, third, and fifth *Eitel* factors favor default judgment where, as in this case, the complaint sufficiently states a plausible claim for relief under the pleading standards of Rule 8. *See id.* at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978). A review of the complaint's well-pled allegations shows that Plaintiff has stated plausible breach of contract and Lanham Act claims against Defendants. Moreover, given the sufficiency of the complaint and Defendants' default, "no genuine dispute of material facts would preclude granting [Plaintiff's] motion." *PepsiCo*, 238 F.

Supp. 2d at 1177.

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendants' conduct. *See PepsiCo*, 238 F. Supp. 2d at 1176. Here, Plaintiff seeks statutory damages in the amount of $200,000.00, representing the statutory maximum of $100,000 per offending domain name. 15 U.S.C. § 1117(d). This amount is reasonable given Defendants' misconduct and the harm caused to Plaintiff.[3]

Defendants were properly served with process in this matter. They also were served with copies of the application for default and the present motion for default judgment. It therefore "is unlikely that Defendant[s'] failure to answer and the resulting default was a result of excusable neglect." *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008). Thus, the sixth *Eitel* factor, like the other five discussed above, weighs in favor of default judgment.

The last factor always weighs against default judgment given that cases "should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The mere existence of Rule 55(b), however, "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (citation omitted). Moreover, Defendants' failure to answer the complaint "makes a decision on the merits impractical, if not impossible." *Gemmel*, 2008 WL 65604, at *5. Stated differently, it is difficult to reach the merits when the opposing party is absent. Because Plaintiff has asserted plausible claims for relief to which Defendants have failed to respond, the policy encouraging decisions on the merits does not weigh against the granting of default judgment in this case.

**IV. Conclusion**

Having reviewed the record and considered the *Eitel* factors as a whole, the Court concludes that the entry of default judgment against Defendants is appropriate

---

[3] Plaintiff also seeks an award of its reasonable attorneys' fees, but does not itemize the amount requested. Upon entry of this order, Plaintiff may move for its attorneys' fees in a manner that complies with LRCiv 54.2

- 4 -

under Rule 55(b).

**IT IS ORDERED** that Plaintiff's motion for default judgment (Doc. 39) is **GRANTED**. Default judgment shall be entered in favor of Plaintiff and against Defendants as follows:

1. Defendants and all persons acting in concert or participation with them are permanently enjoined from:

    a. Using CROSSFIT, or any variant thereof, or any confusingly similar marks or taglines, in connection with the advertising, offering, or promotion of any product or service;

    b. Engaging in any acts of infringement of the CROSSFIT mark;

    c. Using CROSSFIT, or any variant thereof, or any confusingly similar marks or taglines, as a trademark, trade name, service mark, tagline, domain name, or for any other purpose; and

    d. Committing any other acts calculated or likely to cause consumer confusion or mistake in the mind of the public by causing consumers, purchasers, or investors to believe that the products or services promoted, offered, or sponsored by Defendants come from CrossFit, or are sponsored or approved by, or connected with, or warranted or guaranteed by CrossFit.

2. Defendants and all persons acting in concert or participation with them are to cooperate in forfeiting and relinquishing all rights in, and transferring to Plaintiff, the following domain names, as well as all other "CrossFit" domain names that Defendants may use or register, including infringing variations thereof (collectively, the "Infringing Domain Names"):

    a. [www.crossfitalfa.com](www.crossfitalfa.com)

    b. [www.crossfitbeta.com](www.crossfitbeta.com)

3. That the domain registrar is authorized to transfer the Infringing Domain Names set forth in paragraph 2 above to Plaintiff at Plaintiff's request if Defendants fail to do so within thirty (30) days of entry of default judgment;

4. Defendants shall pay Plaintiff $200,000 in statutory damages ($100,000 per Infringing Domain Name), pursuant to 15 U.S.C. § 1117(d);

5. Plaintiff may move for its attorneys' fees in a manner that complies with LRCiv 54.2.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment in accordance with this order and terminate this case.

Dated this 5th day of February, 2018.

Douglas L. Rayes
United States District Judge